**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62379-CIV-DAMIAN**

**ZIYU ZHAO,**

Petitioner,

v.

**ACTING FIELD OFFICE DIRECTOR, of the ICE Miami Field Office in his official capacity,** *et al.*,

Respondents.
_______________________________________/

**ORDER ON EMERGENCY MOTION [ECF NO. 12], REQUIRING EXPEDITED SUPPLEMENTAL RETURN AND TEMPORARILY PRESERVING THE STATUS QUO**

**THIS CAUSE** is before this Court on Petitioner, Ziyu Zhao's, Emergency Motion for Temporary Restraining Order Preserving the Status Quo Pending Determination of Jurisdiction, and for Immediate Supplemental Return, with Incorporated Memorandum of Law, filed September 28, 2026. [ECF No. 12 ("Emergency Motion")]. The Emergency Motion follows Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed August 27, 2026; Respondents' Response to Order to Show Cause [ECF No. 9 ("Response")], filed September 8, 2026; and Petitioner's Reply [ECF No. 10 ("Reply")], filed September 10, 2026, as well as Petitioner's Motion for Temporary Restraining Order [ECF No. 11 ("Motion")], filed September 25, 2026. The Emergency Motion is based on subsequent immigration proceedings and seeks immediate relief based on an asserted imminent removal.

THE COURT has reviewed the parties' submission, relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. Upon review, this Court concludes that the present record is insufficient to resolve the threshold jurisdictional and

statutory questions raised by the Emergency Motion. Accordingly, for the reasons set forth below, the Emergency Motion is due to be granted in part to require an expedited supplemental return and to preserve the status quo for the limited period necessary for this Court to determine its jurisdiction.

## I. BACKGROUND.

Petitioner's background and immigration history are detailed in the parties' submissions and recounted here as relevant to the issues now before this Court.

Petitioner is a native and citizen of China who entered the United States without admission or parole in June 2023. *See* Resp.; ECF No. 9-1 ("NTA"). DHS charged her as present without admission or parole and initiated removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). *See* NTA. DHS thereafter released Petitioner on her own recognizance (ECF No. 1-3), and in October 2023, Petitioner filed a Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. *See* ECF No. 1-4 ("I-589"). In that application, Petitioner asserted that she fears religious persecution if returned to China. *Id.*

On July 21, 2026, Petitioner pled guilty to conspiracy to commit wire fraud, following which she was sentenced on August 21, 2026, to time served. *See* Case No. 26-20272-CR-Altman (S.D. Fla.) at ECF Nos. 62, 82. The sentencing court imposed a sentence of time served and directed that Petitioner be surrendered to immigration authorities for removal proceedings consistent with the INA. *Id.* at ECF No. 82. Petitioner was thereafter taken into Immigration custody.

In the Petition, Petitioner challenges the statutory basis for that detention and relies principally on *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258

(11th Cir. 2026). Pet. at 1–2. She seeks release or, alternatively, an order requiring Respondents to identify and apply the correct statutory custody framework. *Id.*

Respondents argue that the Petition should be dismissed because Petitioner failed to exhaust available administrative remedies by seeking custody redetermination before an Immigration Judge. Resp. at 2–5. Respondents' exhibits, however, include a Form I-851A, Final Administrative Removal Order, dated August 22, 2026, which purports to order Petitioner removed under INA § 238(b). [ECF No. 9-4]. The copy filed with this Court bears a blank certificate of service. *Id.* As Petitioner points out, the exhibits accompanying the Response do not include the Form I-851 Notice of Intent, proof of service of that Notice, Petitioner's response or waiver, proof of service of the Final Administrative Removal Order, or records concerning any reasonable-fear proceedings.

In her Reply, Petitioner argues that those developments undermine Respondents' exhaustion position because 8 C.F.R. § 238.1(g) provides that a custody or bond decision is not administratively appealable during proceedings initiated under INA § 238. Reply at 2–4. Petitioner further argues that the existing record does not establish the statutory basis for her current detention or compliance with the procedures governing administrative removal. *Id.*

The procedural posture changed again after briefing on the original Petition closed. DHS moved to terminate Petitioner's section 240 proceedings so that it could pursue administrative removal under section 238(b), and the Immigration Judge granted that request without prejudice on September 21, 2026. *See* Emerg. Mot. Exs. A–B. Petitioner filed a Notice of Appeal with the Board of Immigration Appeals on September 23, 2026. Emerg. Mot. Ex. C. Petitioner's counsel further declares that, on September 24, 2026, Petitioner's mother reported that Petitioner had been told she would be placed on the "next flight," although

counsel does not know the identity of the speaker, the date of any flight, or the itinerary. Emerg. Mot. Ex. D ¶¶ 3–5.

## II. LEGAL STANDARD.

District courts have the authority to grant writs of *habeas corpus*. *See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## III.DISCUSSION.

### *A. The Present Record Does Not Permit Resolution of the Threshold Jurisdictional Question.*

Section 1252(g) generally strips this Court of jurisdiction over claims arising from the Government's decision or action to "commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The Supreme Court has instructed that the provision applies to those three discrete actions rather than to every action occurring in the removal process. *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999). The Eleventh Circuit, however, has held that a request to stay removal ordinarily falls squarely within § 1252(g) when an existing removal order is being executed. *Camarena v. Dir., Immigr. & Customs Enf't,* 988 F.3d 1268, 1272–73 (11th Cir. 2021); *see also Miranda-Lopez v. ICE Orlando Field Office Director*, No. 25-12007, 2026 WL 742754, at *2 (11th Cir. Mar. 3, 2026).

The Eleventh Circuit recognizes a narrow distinction in cases in which a petitioner disputes whether any removal order exists at all. *In Madu v. U.S. Att'y Gen.,* the court held that a habeas claim challenging the existence of a removal order was not a request for judicial review of an order and therefore was not barred on that basis. 470 F.3d 1362, 1366–68 (11th

Cir. 2006). The court later explained, in *Camarena*, that § 1252(g) did not bar the claim in *Madu* because the Government cannot execute an order that does not exist. 988 F.3d at 1273. And in *Miranda-Lopez*, the Eleventh Circuit recently reiterated that distinction while holding that § 1252(g) barred a challenge where the petitioner did not dispute the existence or validity of the removal order but instead asserted that a separate regulatory process prevented its execution. 2026 WL 742754, at *2.

The present record does not permit this Court to determine on which side of that line Petitioner's emergency claim falls. Section 238(b) authorizes administrative removal of certain nonpermanent residents convicted of aggravated felonies and prescribes procedural protections, including reasonable notice and an opportunity to inspect evidence and rebut the charges. 8 U.S.C. § 1228(b)(1)–(4). The implementing regulation provides that section 238(b) proceedings "shall commence upon personal service" of a Form I-851 Notice of Intent, requires the Notice to advise the noncitizen of the right to rebut the charges and request withholding, and requires the deciding officer to issue and cause to be served a Final Administrative Removal Order when the regulatory predicates are satisfied. 8 C.F.R. § 238.1(b)(2)(i), (c), (d). That regulation further requires DHS to maintain a record of proceeding that includes the Notice of Intent, Final Administrative Removal Order, response, supporting evidence, and executed duplicate of the Notice of Intent evidencing service. *Id*. § 238.1(h).

The Eleventh Circuit explained that process in *Malu v. U.S. Att''y Gen.,*764 F.3d 1282, 1285–86 (11th Cir. 2014), abrogated on other grounds by *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023).. There, DHS served the petitioner with a Notice of Intent, which informed her that she could rebut the charges and request withholding; she responded to the notice, and DHS thereafter issued the administrative removal order. The court relied on the

administrative opportunity afforded by the Notice of Intent in addressing exhaustion. *Id*. at 1287–89.

Here, Respondents have filed the August 22 Final Administrative Removal Order, but the record presently before this Court does not include the Notice of Intent, proof that section 238(b) proceedings commenced through personal service, Petitioner's response or waiver, or proof that the Final Administrative Removal Order was served. Nor does the present record reflect whether Petitioner requested withholding or expressed fear during the administrative-removal process and, if so, whether she was referred for the reasonable-fear process required by 8 C.F.R. § 208.31. Under that regulation, a noncitizen ordered removed under section 238(b) who expresses fear of return during the administrative-removal process shall be referred to an asylum officer for a reasonable-fear determination upon issuance of the Final Administrative Removal Order. 8 C.F.R. § 208.31(a)–(b).

Those omissions are material to both the jurisdictional inquiry and the original habeas issues. They bear on whether Petitioner's circumstances fall within the narrow issue recognized in *Madu* or instead presents a challenge to the execution or validity of an existing removal order, and they bear on whether Respondents' original exhaustion argument continues to describe an administrative remedy actually available to Petitioner after the termination of her section 240 proceedings. The record is therefore incomplete insofar as what is needed for this Court to decide those questions.

***B. A Brief Stay Is Appropriate.***

A federal court has authority to determine its own jurisdiction and, where a substantial jurisdictional question exists, may preserve existing conditions for the short period necessary to make that determination. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290–93 (1947). That authority does not enlarge this Court's subject matter jurisdiction. *See Clinton v.*

*Goldsmith*, 526 U.S. 529, 534–35 (1999). Accordingly, any interim restraint here must be limited to preserving the status quo while this Court determines whether it possesses jurisdiction; it cannot rest on an assumption that this Court ultimately may review or restrain execution of an existing removal order.

Petitioner has presented evidence that removal may be imminent, but the evidence is incomplete: counsel reports information relayed by Petitioner's mother that Petitioner was told she would be placed on the "next flight," while counsel has no confirmed removal date or itinerary. Emerg. Mot. Ex. D ¶¶ 3–5. The Government has not yet responded to the Emergency Motion. Under these circumstances, the threshold jurisdictional and statutory questions cannot be resolved on the present record. Expedited supplemental briefing and production of the pertinent administrative records are therefore necessary before this Court can resolve the Emergency Motion.

Therefore, this Court finds that a brief stay to maintain the status quo is warranted. During that period, Petitioner may not be transferred from her current detention facility or removed or deported from the United States. This limited interim measure does not direct Petitioner's release, adjudicate the validity or executability of any removal order, or determine whether this Court ultimately has jurisdiction to grant the remaining relief requested in the Emergency Motion.

***C. Expedited Supplemental Briefing Is Necessary.***

The missing information is principally within Respondents' possession and bears directly on Respondents' exhaustion defense, the statutory basis for Petitioner's current detention, the existence and status of any administrative removal order, the availability or completion of reasonable-fear procedures, and this Court's jurisdiction over the emergency request. Therefore, a targeted supplemental return, supported by the underlying

administrative records, is necessary before this Court can adjudicate the Petition and pending Motions.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Motion **[ECF No. 12]** is **GRANTED IN PART** to the extent Petitioner seeks temporary relief preserving the status quo while this Court determines the threshold jurisdictional and statutory issues. This Court **RESERVES RULING** on the remaining relief requested in the Emergency Motion pending completion of the expedited supplemental briefing ordered below.
2. Petitioner's Motion **[ECF No. 11]** is **DENIED AS MOOT** in light of the subsequently filed Emergency Motion, which seeks substantially the same relief.
3. Respondents shall file a **Supplemental Response within seven (7) days of the date of this Order** addressing the jurisdictional, statutory, and factual issues identified in this Order. Specifically, Respondents shall:
    a. identify Petitioner's current detention location and immediate custodian;
    b. state whether Petitioner is presently scheduled, designated, manifested, or otherwise planned for removal from the United States and, if so, identify the date, destination, and current status of those arrangements;
    c. identify the precise statutory authority under which Respondents contend Petitioner is presently detained, including whether Respondents rely on 8 U.S.C. § 1226 or § 1231 and, if the latter, the date on which Respondents contend the removal period began;
    d. identify the specific removal order Respondents presently intend to execute and state whether Respondents contend the August 22, 2026 Form I-851A, Final

Administrative Removal Order, is presently final and executable and the legal and factual basis for that position;

e. state whether and when the Form I-851 Notice of Intent was personally served upon Petitioner, the manner and place of service, and whether Petitioner responded to, rebutted, conceded, or waived any matter stated in the Notice of Intent;

f. state whether and when the August 22, 2026 Final Administrative Removal Order was served upon Petitioner, the manner and place of service, and whether Petitioner waived the fourteen-day period provided by 8 U.S.C. § 1228(b)(3) and 8 C.F.R. § 238.1(f)(1);

g. state whether a Warrant of Removal has issued and, if so, when;

h. state whether Petitioner requested withholding of removal, expressed a fear of return to China, or otherwise triggered the reasonable-fear procedures provided by 8 C.F.R. § 208.31 and, if so, whether Petitioner was referred to an asylum officer and the status and result of any reasonable-fear proceedings;

i. state Respondents' position regarding the legal effect, if any, of Petitioner's pending appeal to the Board of Immigration Appeals from the September 21, 2026 termination order; and

j. state whether Respondents continue to assert the exhaustion defense raised in the Response and, if so, identify the specific administrative custody remedy Respondents contend remains available to Petitioner and the legal authority supporting that position.

4. Respondents shall attach to the Supplemental Response the pertinent administrative records supporting their responses, including the complete record of the section 238(b)

administrative-removal proceeding maintained pursuant to 8 C.F.R. § 238.1(h); the Form I-851 Notice of Intent and all records establishing its service; any response, rebuttal, concession, waiver, or request to inspect evidence submitted by Petitioner; the evidence supporting the charge; the Final Administrative Removal Order and all records establishing its service; any written waiver of the fourteen-day waiting period; any Warrant of Removal; and all records concerning any request for withholding of removal or reasonable-fear proceedings. If any identified record does not exist, is unavailable, or is not within Respondents' possession, custody, or control, Respondents shall expressly so state and explain why.

5. Respondents shall also address this Court's jurisdiction over the relief requested in the Emergency Motion in light of the authorities discussed in this Order, including whether Petitioner's claim presents a challenge to the existence of a removal order or instead challenges the validity or execution of an existing removal order.

6. **Pending further Order of this Court, the status quo shall be maintained.** Respondents, their officers, agents, employees, attorneys, and all persons acting in concert or participation with them who receive actual notice of this Order **shall not transfer Petitioner from her current detention facility and shall not remove or deport Petitioner from the United States**. For the avoidance of doubt, Petitioner shall not be transferred to another detention facility, placed on an outbound international flight, surrendered to a foreign government for purposes of removal, or otherwise transported outside the United States pending further Order of this Court.

7. The temporary restraint imposed by paragraph 6 is solely intended to preserve the status quo while this Court determines the threshold jurisdictional and statutory issues identified above. Nothing in this Order directs Petitioner's release, alters the conditions

of her detention, adjudicates the validity or executability of any removal order, or determines whether this Court ultimately has jurisdiction to grant the remaining relief requested in the Emergency Motion or Petition.

8. Petitioner may file a **Supplemental Reply within three (3) days** after Respondents file their Supplemental Response. The Supplemental Reply shall be limited to the matters addressed in the Supplemental Response and the records produced therewith.

9. This Court **RESERVES RULING** on the Petition and all remaining relief requested in the Emergency Motion pending completion of the expedited supplemental briefing ordered herein.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 5th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record